**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ANTHONY J. BRODZKI,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No.  3:09-CV-2200-N-BH** |
| | ) | |
| **TOPEKA POLICE DEPARTMENT,** | ) | |
| **Defendant.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this action has

been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I.  BACKGROUND**

This is Plaintiff Anthony J. Brodzki's third action against the Topeka Police Department for

alleged harassment in Topeka, Kansas.  *See Brodzki v. Topeka Police Department*, No. 1:09-CV-

5956 (N.D. Ill. filed Oct. 21, 2009) (dismissing case for improper venue); *Brodzki v. Topeka Police*

*Department*, No. 3:09-CV-2065-B (N.D. Tex. filed Oct. 30, 2009) (recommended dismissal for

improper venue).  Along with his complaint, he filed a motion to transfer this case to Kansas City,

Kansas, because he does not know whether he can file electronically there and it "would be very

costly" to drive to Kansas.  (*See* Mot., doc. 4.)  The Court has granted Plaintiff permission to

proceed *in forma pauperis* ("IFP") in this action.  No process has been issued in this case.

**II.  VENUE**

Plaintiff currently lives in North Richland Hills, Texas.  His claims arise out of events

occurring in Topeka, Kansas, which is in the District of Kansas.  *See* 28 U.S.C. § 96.

The general venue provisions of 28 U.S.C. § 1391 provide the basis for determining the

proper venue for this action.  Venue lies in "(1) a judicial district where any defendant resides, if all

defendants reside in the same State" or "(2) a judicial district in which a substantial part of the

events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" unless neither of those provisions provides a proper place for venue. *See* 28 U.S.C. § 1391(a) and (b).

Based on the complaint, it appears that a substantial part of the events or omissions giving rise to the claims raised in this action occurred in Topeka, where the defendant is located. Consequently, venue does not appear proper in this district. When a case is filed in the wrong division or district, the courts may dismiss or transfer the action depending on whether the interests of justice favor a transfer. *See* 28 U.S.C. § 1406(a). As noted in Cause No. 3:09-CV-2065-B, Plaintiff has filed nine cases in Northern District of Illinois and is well aware of the venue provisions and filing requirements.[1] His prior actions against the Topeka Police Department have resulted in a dismissal for improper venue and a recommendation of dismissal for the same reason. Notwithstanding Plaintiff's motion to transfer, the interests of justice do not favor transferring this case to the proper forum, and dismissal is appropriate.

### III. PRELIMINARY SCREENING

Dismissal of this action is also appropriate based on the preliminary screening process for IFP actions under 28 U.S.C. § 1915(e)(2). That section provides for *sua sponte* dismissal, if the Court finds the complaint "frivolous or malicious" or if it "fails to state a claim upon which relief may be granted." A claim is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Fifth Circuit "has held that it is malicious for a pauper to file successive IFP suits that duplicate claims made in other pending or previous lawsuits." *Humphrey v. Luna*, 59 F.3d 1242, 1242 (5th Cir. 1995) (per curiam) (Table; text on Westlaw) (citing

---

[1] Because one of Plaintiff's other actions filed in this Court was transferred to the Northern District of Illinois, Plaintiff has a tenth case in that court as of November 12, 2009.

*Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (pending lawsuits); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (previous lawsuits)).

Plaintiff raises the same claims in this case as in his other pending action against the Topeka Police Department.  Although courts may consolidate duplicative actions, they should ordinarily dismiss a later-filed action in favor of the earlier-filed case.  *Pittman*, 980 F.2d at 994-95.  Because this IFP action is duplicative, it should be dismissed as malicious within the meaning of § 1915(e)(2)(B) without prejudice to the prosecution of the earlier suit.  *Id.*  The dismissal should also be without prejudice to Plaintiff pursuing his claims against defendant in a proper forum.

## IV.  SANCTIONS

The Court possesses the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993).  Included in this inherent power is "the power to levy sanctions in response to abusive litigation practices."  *Id.*  Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims.  *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993).  *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).  "Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period.  Abuses of process are not merely not to be subsidized; they are to be sanctioned."  *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

Plaintiff has filed nine actions in the Northern District of Illinois.  Of the six actions filed in

this district, five were filed in the wrong venue,[2] and the other filing[3] resulted in a recommendation

of dismissal with prejudice pursuant to 28 U.S.C. § 1915(e).  Plaintiff also filed one of his Illinois

actions in the wrong venue,[4] and his other Illinois cases have resulted in three summary dismissals

pursuant to § 1915(e)(2)(B)(i),[5] two outright denials of *in forma pauperis* status,[6] and one dismissal

for lack of jurisdiction.[7]  Plaintiff has three cases still pending in the Northern District of Illinois.

Although he has been told that this district  is not the proper forum for his action against the Topeka

Police Department and that dismissal rather than transfer was warranted, he has chosen to file a new

action simply to attempt to have the Court transfer the action to Kansas.  Given the number of

improper filings by Plaintiff since August 2009, he should be warned that abuses of the litigation

process – such as filing frivolous or malicious cases, knowingly filing cases in the wrong venue, and

disregarding court orders – may result in sanctions, including monetary sanctions and the prohibition

of filing future cases *in forma pauperis* except by leave of court.

---

[2]  *See Brodzki v. Topeka Police Dep't*, No. 3:09-CV-2065-B (N.D. Tex. filed Oct. 30, 2009) (recommended dismissal for improper venue); *Brodzki v. Seng*, No. 3:09-CV-2067-D (N.D. Tex. filed Oct. 30, 2009) (transferred for improper venue); *Brodzki v. CPD*, No. 3:09-CV-2068-G-AH (N.D. Tex. filed Oct. 30, 2009) (recommended dismissal for improper venue); *Brodzki v. CPD*, No. 3:09-CV-2179-K-BH (N.D. Tex. filed Nov. 16, 2009) (recognizing improper venue but recommending dismissal with prejudice under § 1915(e)).

[3]  *See Brodzki v. FBI-Dallas*, No. 3:09-CV-2108-B-BH (N.D. Tex. filed Nov. 5, 2009).

[4]  *See Brodzki v. Topeka Police Dep't*, No. 1:09-CV-5956 (N.D. Ill. filed Oct. 21, 2009).

[5]  *See Brodzki v. Martinez*, No. 1:09-CV-5236 (N.D. Ill. filed Sept. 1, 2009); *Brodzki v. Chicago Police Dep't*, No. 1:09-CV-5957 (N.D. Ill. filed Sept. 30, 2009); *Brodzki v. U.S. Marshal's Serv.*, No. 1:09-CV-5466 (N.D. Ill. filed Sept. 15, 2009).

[6]  *See Brodzki v. Sanan*, No. 1:09-CV-5285 (N.D. Ill. filed Aug. 26, 2009); *Brodzki v. U.S. Marshalls Serv.*, No. 1:09-CV-5441 (N.D. Ill. filed Sept. 24, 2009) (also noting that Plaintiff had failed to state a claim upon which relief could be granted under his statement of facts).

[7]  *See Brodzki v. FBI*, No. 1:09-CV-5654 (N.D. Ill. Sept. 11, 2009).

## V.  RECOMMENDATION

Plaintiff's motion for transfer (doc. 4) should be **DENIED**.  His complaint should be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2) but without prejudice to Plaintiff pursuing his pending action, *Brodzki v. Topeka Police Department*, No. 3:09-CV-2065-B (N.D. Tex. filed Oct. 30, 2009) and without prejudice to Plaintiff pursuing his claims against defendant in a proper forum.  In addition, he should be warned about potential sanctions if he continues to file malicious cases.

**SIGNED this 19th day of November, 2009.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE